Slip Op 07 - 123

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| DIAMOND SAWBLADES MANUFACTURERS COALITION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Before: **MUSGRAVE, Judge** |
| | : | Court No. 06-00247 |
| UNITED STATES, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| ST. GOBAIN ABRASIVES, INC., EHWA DIAMOND INDUSTRIAL CO., LTD., and SHINHAN DIAMOND INDUS. CO., LTD., | : | |
| | : | |
| Defendant-Intervenors. | : | |

## MEMORANDUM OPINION AND ORDER

[On defendant's motion to strike two attachments to plaintiff's reply brief on plaintiff's USCIT Rule 56.2 motion for judgment on an administrative record compiled by the U.S. International Trade Commission, motion to strike denied.]

Dated: August 9, 2007

*Wiley, Rein & Fielding LLP* (*Daniel B. Pickard*), for the plaintiff.

*James M. Lyons*, General Counsel, *Neal J. Reynolds*, Assistant General Counsel, Office of the General Council, U.S. International Trade Commission (*Charles A. St. Charles*) for the defendant.

*Akin Gump Strauss Hauer & Feld LLP* (*Spencer S. Smith*, *J. David Park*, *Jarrod M. Goldfeder*, and *Lisa W. Ross*), counsel for the defendant-intervenors Ehwa Diamond Industrial Co., Ltd. and Shinhan Diamond Industrial Co., Ltd.

*Sandler, Travis & Rosenburg, P.A.* (*Thomas V. Vakerics*, *Leonard M. Shambon*, and *Kristen S. Smith*), counsel, and *Wilmer Cutler Pickering Hale and Dorr, LLP* (*Lynn M. Fischer Fox*), of counsel, for the defendant-intervenor Saint-Gobain Abrasives, Inc.

On a USCIT Rule 56.2 motion for judgment on the negative material injury determination by the U.S. International Trade Commission ("ITC" or "Commission") on its antidumping petition, the plaintiff Diamond Sawblades' Manufacturer's Coalition ("DSMC") filed a reply brief embodying 15 pages of text plus two attachments of summary data and further narrative of seven pages in total. A weighty appendix to the brief was also filed separately.

The Commission and the defendant-intervenors St. Gobain Abrasives, Inc., Ehwa Diamond Industrial Co., Ltd., and Shinhan Diamond Indus. Co., Ltd. have jointly moved to strike the two attachments to DSMC's reply brief and all references therein to the data the attachments embody. The grounds for the motion to strike are, that the reply brief was filed without leave to exceed the Court's standard policy for reply briefs,[1] that the seven pages of attachments do not constitute permissible "Appendices and Tables of Authorities or Contents," that DSMC did not request the Court's prior approval in order to exceed chamber's standard 15 page limit, and that the seven additional pages pertain to argument that the Commission should have performed the limited competition analysis on a volume basis rather than on a value basis, which, the joint motion to strike argues, is a matter that DSMC did not raise in its Rule 56.2 motion. In the alternative, if the joint motion to strike is not granted, the Commission and the defendant-intervenors request the ability to

---

[1] To wit: "Reply briefs in all cases shall not exceed 15 pages. These limitations do not include Appendices and Tables of Authorities and Contents. No brief which exceeds these requirements may be filed without prior written approval of the Court, leave for which shall be freely given upon good cause shown." Chambers Procedure 2(B) (available at www.cit.uscourts.gov/Rules/new-rules-forms.htm, last visited Aug 1, 2007).

respond to what they characterize as new matter presented by the two attachments.  *See generally* Motion to Strike at 1-3.

DSMC opposes the motion to strike and responds that its reply brief is within the Court's 15-page limitation, was filed in good faith, and is based upon its experience in prior cases where such attachments have not been challenged and have been permitted by the Court without comment. DSMC's Response to Motion to Strike at 2 (referencing *Reply Brief of Plaintiff Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S. In Support of Motion for Judgment Upon the Agency Record Pursuant to Rule 56.2*, Court No. 05-00613 (Aug. 7, 2006)).  DSMC contends the Commission and defendant-intervenors cannot claim prejudice as a result of the "excess" pages, even if they are improperly attached, because such attachments would be perfectly permissible if presented as part of the appendix to the reply brief that was also filed.  DSMC explains that it merely provided the matter in the attachments rather than in the appendix "for the convenience of the Court."  *Id*. at 2. Should the Court deem the attachments improper, DSMC requests that it be permitted to file an amended appendix to its reply brief, reproducing the attachments there.

Further, DSMC contends, the joint motion to strike mis-characterizes the nature of the argument that the two attachments support because DSMC argued in its Rule 56.2 brief not that the Commission should have undertaken its analysis solely on a volume basis but that the Commission was required to take the whole of the record into account in making its decision, including available volume data, and that the specific arguments in DSMC's reply brief are addressed to arguments presented in the Commission's response brief, particularly those arguments regarding the support for the Commission's decision offered by the value data on the record.  Referencing *United States*

*v. Ziegler Bolt and Parts Co.*, 19 CIT 13, 25-26 (1995), DSMC contends it cannot be prohibited from

addressing the arguments raised in the Commission's response brief.  Since the reply brief did not

raise new arguments, DSMC argues, it does not believe that there is any need for supplemental

briefing on the issues presented therein.

         The Commission and the defendant-intervenors in turn have filed another motion, for leave

to reply to DSMC's response to their motion to strike.  That motion is hereby granted.  Their reply

argues that USCIT Rule 56.2(c)(3) specifically states that an appendix shall contain "those portions

of the administrative record cited in the brief" while 2(C) of the Chamber Procedures refers to

appendices as "copies from the record."  The Commission and the defendant-intervenors argue that

> the purpose of an appendix is to provide for the Court's convenience copies
> of documents that are *already* on the administrative record of the underlying
> proceeding.[ ] If parties were permitted to include in the appendix additional
> narrative and analyses prepared for the Court, it would severely undermine
> the Court's page limit requirements because parties could simply use the
> appendix to continue their briefs beyond the established page limits.

*Reply Comments to Plaintiff's Response to Motion to Strike* at 2-3 (emphasis in original).  They also

continue to argue that DSMC's reply brief raises a *new* argument (that the Commission should have

performed the limited competition analysis on a quantity basis rather than on a value basis) because

there is no specific reference in DSMC's Rule 56.2 brief that the Commission should have used

quantity measures to perform the limited competition analysis and the Commission and the

defendant-intervenors did not raise this issue in their response briefs.

         This court adheres to the general rule that a motion to strike matter such as this is considered

an "extraordinary measure[,]" *Acciai Speciali Terni S.p.A. v. United States*, 24 CIT 1211, 1217, 120

F.Supp.2d 1101, 1106 (2000), and as such should only be "granted when there is a 'flagrant

disregard of the rules of the court,' as when 'the brief demonstrates a lack of good faith, or . . . the court would be prejudiced or misled by the inclusion in the brief of the improper material.'" *Rhodia, Inc. v. United States*, 26 CIT 1107, 1109 n.5, 240 F.Supp.2d 1247, 1249 n.5 (2002) (quoting *Jimlar Corp. v. United States*, 10 CIT 671, 673, 674 F.Supp. 932 (1986)).   Depending upon the circumstances of the particular case, it may be appropriate to strike an entire brief, to strike improper portions of a brief, or to disregard any objectionable matter contained in the brief.   *Cf.*, *e.g.*, *Brookside Veneers, Ltd. v. United States,* 9 CIT 596 (1985) *with Edge Import Corp. v. United States*, 82 Cust.Ct. 343, C.R.D. 79-7 (1979).

In this action, even were the court to conclude that DSMC's reply brief exceeds the 15-page limit, it cannot reasonably be concluded that the filing was made in "flagrant disregard" of the rules of the Court, nor does it appear that the matter addressed by the two attachments would prejudice or mislead the court.   On the other hand, the Commission's and the defendant-intervenor's points are well taken.   DSMC should have more precisely and directly briefed the contention with respect to quantity analysis at the outset and not by way of its reply brief.   This court, however, is more interested in substance over procedure, and therefore considers that the allegedly new matter embodied by the two attachments to DSMC's reply should be construed as within the realm of permissible pleading in reply to points raised by the Commission and the defendant-intervenors in response to DSMC's Rule 56.2 brief.   The motion to strike is therefore denied.

By the same token, regarding the Commission's and the defendant-intervenors' alternative

motion for leave to file sur-reply, the motion is granted so as to assist the court with the complexity

of the issues.

**SO ORDERED.**


_____
    /s/  R. Kenton Musgrave
      R.  KENTON MUSGRAVE, JUDGE

Dated: August 9, 2007
       New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                        Deputy Clerk