Slip Op 09 - 52

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| DIAMOND SAWBLADES MANUFACTURERS COALITION, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Before: **MUSGRAVE, Senior Judge** <br> Court No. 06-00247 |
| UNITED STATES, | : : : | |
| Defendant, | : : | |
| and | : : | |
| ST. GOBAIN ABRASIVES, INC., EHWA DIAMOND INDUSTRIAL CO., LTD., and SHINHAN DIAMOND INDUS. CO., LTD., | : : : : : | |
| Defendant-Intervenors. | : : | |

**OPINION AND ORDER**

[Motion to intervene denied.]

Dated: June 5, 2009

*Wiley Rein LLP* (*Daniel B. Pickard*), for the plaintiff.

*James M. Lyons*, General Counsel, *Neal J. Reynolds*, Assistant General Counsel, Office of the General Council, U.S. International Trade Commission (*Charles A. St. Charles*) for the defendant.

*Akin Gump Strauss Hauer & Feld LLP* (*Spencer S. Griffith*, *J. David Park*, *Jarrod M. Goldfeder*, *Lisa W. Ross*, and *Valerie A. Slater*), counsel for the defendant-intervenors Ehwa Diamond Industrial Co., Ltd. and Shinhan Diamond Industrial Co., Ltd.

*Thompson Hine, LLP* (*Lynn M. Fischer Fox*) for the defendant-intervenor Saint-Gobain Abrasives, Inc.

*Alston & Bird LLP* (*Kenneth G. Weigel* and *Elizabeth M. Hein*), for the applicant Husqvarna Construction Products North America, Inc.

MUSGRAVE, Senior Judge: Husqvarna Construction Products North America, Inc. has filed a motion to join this matter, familiarity with which is presumed, alongside the defendant-intervenors via intervention. The defendant-intervenors consent, but the motion is opposed by the plaintiff Diamond Sawblades Manufacturers Coalition ("DSMC") and the defendant U.S. International Trade Commission ("ITC").

After issuance of Slip Op. 09-5 (Jan. 13, 2009), a dispositive opinion, each defendant-intervenor appealed the decision to the Court of Appeals for the Federal Circuit (nos. 2009-1274, -1275). Separately, and previously, the U.S. Department of Commerce, International Trade Administration instructed the U.S. Customs and Border Protection to suspend liquidation of entries of subject imports from Korea and China as of January 23, 2009, *see Diamond Sawblades and Parts Thereof from the People's Republic of China and the Republic of Korea: Notice of Court Decision Not In Harmony With Final Determination of the Antidumping Duty Investigations*, 74 Fed. Reg. 6570, 6570-71 (Feb. 10, 2009). DSMC thereafter sought a writ of mandamus in this action, which application is still pending, to compel the ITC "to publish notice of its final affirmative material threat determination in the Federal Register." Pl.'s Pet. for Writ of Mandamus at 1.

By its motion, Husqvarna argues it has a right to intervene under USCIT Rule 24(a) because it "has an interest related to this action and an adverse decision by this Court [on the application for mandamus] would result in the premature assessment of antidumping duties that would have a significant economic impact on Husqvarna." Partial Consent Mot. to Intervene ¶ 2. Alternatively, Husqvarna argues it should be permitted to intervene under USCIT Rules 24(b) and

Court No. 06-00247 Page 3

28 U.S.C. § 2631(j) "because it would be adversely affected or aggrieved by a decision on [DSMC's] Petition and because Husqvarna's intervention would not unduly delay or prejudice this Court's adjudication of the original parties' rights." *Id.* ¶ 3.

Pursuant to section 2631(j)(1)(B) of Title 28 of the United States Code, in a civil action commenced under 19 U.S.C. § 1516a, "only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right . . .." 28 U.S.C. § 2631(j)(1)(B) (2006). *See* 19 U.S.C. § 1516a, (2006); *see also JCM, Ltd. v. United States*, 210 F.3d 1357, 1360 (Fed. Cir. 2000); *Qingdao Taifa Group Co., Ltd. v. United States*, 32 CIT \_\_\_, \_\_\_, 580 F. Supp. 2d 1342, 1343-44 (2008); *Dofasco Inc., v. United States,* 31 CIT \_\_\_, \_\_\_, 519 F. Supp. 2d 1284, 1286 (2007); *Matsushita Elec. Indus. Co., Ltd. v. United States*, 2 CIT 254, 529 F. Supp. 664 (1981). Accordingly, because this action was commenced to contest an administrative proceeding pursuant to 19 U.S.C. § 1516a, and because Husqvarna concedes that it was not a "party to the proceeding" within the meaning of 28 U.S.C. § 2631(j)(1)(B), Husqvarna is statutorily barred from intervening in this matter. *See Quingdao*, 580 F. Supp. at 1345-46; *Dofasco*, 519 F. Supp. 2d at 1286; *see also Ontario Forest Indus. Assoc. v. United States*, 30 CIT 1117, 1130 n.12, 444 F. Supp. 2d 1309, 1322 n.12 (2006).

The motion must be, and it hereby is, denied.

So ordered.

/s/ R. Kenton Musgrave
Dated: June 5, 2009  R. KENTON MUSGRAVE, Senior Judge
New Yor, New York

# NOTICE OF ENTRY AND SERVICE

     This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

     Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

     Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

                                         Tina Potuto Kimble
                                         Clerk of the Court

Date: _____     By: _____
                                                                                Deputy Clerk